IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE ESCAL INSTITUTE OF<br>ADVANCED TECHNOLOGIES, INC.,<br>d/b/a SANS INSTITUTE, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. 22-871-RGA |
| v. | ) <br> ) <br> ) | FILED |
| TREADSTONE 71, LLC and JEFFREY<br>BARDIN, | ) <br> ) <br> ) | JUL 2 7 2023 |
| Defendants. | ) | |

U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT AND RECOMMENDATION DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION
TO TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA**

The Escal Institute of Advanced Technologies, Inc. ("SANS") filed a lawsuit against Defendants Treadstone 71, LLC ("Treadstone") and Jeffrey Bardin ("Bardin") alleging violations of the Lanham Act and unfair competition under state tort law, as well as for declaratory relief of copyright non-infringement under the Copyright Act. (*See* D.I. 1 at ¶ 4). Defendants moved to dismiss for lack of personal jurisdiction and improper venue and, in the alternative, to transfer this action to the United States District Court for the Middle District of Florida. (D.I. 11). For the reasons that follow, I agree with Defendants that venue does not lie for all Defendants in this Court, and therefore (1) recommend DENYING Defendants' motion to dismiss as moot and (2) order that this case be transferred to the United States District Court for the Middle District of Florida.

I. **BACKGROUND**

SANS is a privately held Delaware corporation that specializes in cybersecurity training, certifications, and research and development. (*See id.* at ¶ 11). It reports substantial ties to

Delaware through its provision of cybersecurity services to various Delaware entities and "hundreds of individual customers based in Delaware." (D.I. 15 at ¶¶ 2–8).

Treadstone is a competitor of SANS. It is "a cyber intelligence company that offers cyber intelligence training, consulting and related services." (D.I. 17 at 3). Bardin certifies that he is Treadstone's Chief Intelligence Officer and sole member. (*See* D.I. 11-1 at ¶ 1; D.I. 12 at 3). Bardin registered Treadstone as a limited liability company under the laws of Delaware in 2009, and Treadstone remained a Delaware entity until April 2018 when it converted to a Florida entity. (*See* D.I. 17 at 3–4). According to SANS, Treadstone's principal office was listed, at one time, at 3422 Old Capitol Trail, No. 587, Wilmington, Delaware 19808. (*See* D.I. 17 at 3). Treadstone's customer list, available on its website, lists numerous entities that are incorporated in Delaware. According to Plaintiff, "[n]early half of Defendants' client list is comprised of Delaware corporations, many of which have substantial operations in the State." (*Id.*). Bardin resides in Florida and claims Florida as his domicile. (D.I. 11-1 at ¶ 3; D.I. 12 at 3). SANS does not dispute that Bardin is domiciled in Florida.

SANS claims that, in 2017 and as a Delaware entity, Treadstone commenced a "campaign of threats and tortious actions" against it via the internet. (D.I. 17 at 4). More specifically, SANS claims that Defendants published a "series" of posts to cybershafarat.com and Twitter "associating it with Iranian cyberwarfare and the training of cyber terrorist hackers," and claiming that SANS is "visibly involved" in "training those who hack customer's organizations[.]" (*Id.*). SANS says that these posts "were a willful attempt to improperly divert current and prospective customers of SANS to Defendants." (D.I. 1 at ¶ 91). SANS further alleges that Defendants have continued their campaign of harassment since relocating to Florida by publicly and falsely accusing SANS of infringing one or more of Defendants' copyrights. (*See* D.I. 17 at 5). Of import to the pending

motion, SANS does not allege that any of the conduct underlying this suit took place in or from Delaware. For its part, SANS submits that Defendants' infringement and terrorism accusations are "baseless" and their written demands "frivolous," but also that SANS has incurred "substantial damages in lost time, money, and resources as a result of defending and responding to Treadstone's baseless accusations" and "deceptive" trade practices. (D.I. 1 at ¶ 88; D.I. 13 at 5–6).

## II. LEGAL STANDARD

### A. Personal Jurisdiction

There are two types of personal jurisdiction: general and specific. General jurisdiction permits a lawsuit against a party for any cause of action based on that party's contacts with the forum state because its contacts are "continuous and systematic." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Specific jurisdiction, on the other hand, allows a lawsuit against a party for certain causes of action that are tied to particular contacts that the party has had with the forum. *See Rovi Corp. v. Haier Grp. Corp.*, No. 11-1140, 2013 WL 4534641, at *2 (D. Del. Aug. 23, 2013). Specific jurisdiction arises when a defendant has both purposefully directed its activities at residents of the forum state *and* the action arises from, or is directly related to, defendant's actions with the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Supreme Court founded specific jurisdiction on "an idea of reciprocity between a defendant and a State." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1025 (2021) (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945)). "Thus where the defendant deliberately has engaged in significant activities within a State … he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by the benefits and protections

3

of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King*, 471 U.S. at 475–76 (1985) (internal quotations and citations omitted). Further, a State "has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Id.* at 473 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

Personal jurisdiction derives from two sources, statutory and constitutional law. A District Court usually exercises personal jurisdiction according to the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A). Delaware's long-arm statute has been construed "broadly to confer jurisdiction to the maximum extent possible under the Due Process Clause, so the focus of the inquiry traditionally rests on the constitutional component." *AstraZeneca AB v. Mylan Pharms., Inc.*, 72 F. Supp. 3d 549, 552 (D. Del. 2014) (internal quotations and citations omitted). However, the personal jurisdictional analysis "must not be collapsed into a single constitutional inquiry" and a plaintiff must still show, by a preponderance of the evidence, that there is a statutory basis under the long-arm statute. *Thompson v. Roman Catholic Archbishop of Washington*, 735 F. Supp. 2d 121, 127 (D. Del. 2010) (citations omitted).

Delaware's long-arm statute reads, in relevant part,

(c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State;

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C. § 3104. Section 3104(c)(4) has been interpreted by Delaware courts to confer "general" personal jurisdiction, while §§ 3104(c)(1–3) have been interpreted as forms of "specific" personal jurisdiction. *Genzyme Corp. v. Novartis Gene Therapies, Inc.*, No. 21-1736, 2023 WL 1965090, at *2 (D. Del. Feb. 13, 2023). As specific jurisdiction provisions, §§ 3104(c)(1–3), require a nexus between the cause of action and the conduct used as the basis for jurisdiction. *See Otto Candies, LLC v. KPMG LLP*, No. 2018-0435, 2019 WL 994050, at *8 (Del. Ch. Feb. 28, 2019).

Due process requires "minimum contacts" between an out-of-state defendant and the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316 (internal quotations omitted). In undertaking this "minimum contacts" analysis, the Supreme Court has focused on the nature and extent of "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017).

"Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., LTD.*, 496 F.3d 312, 316 (3d Cir. 2007). Once a defendant has "raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). If the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). Nevertheless, even in the absence of an evidentiary hearing, "if the defendant contradicts the plaintiff's allegations through opposing affidavits ... a plaintiff must present particular evidence in support of personal jurisdiction." *Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70, 74 (3d. Cir. 2015).

5

## B. Venue

Even if a court has personal jurisdiction over all the defendants, the court "may not exercise that jurisdiction unless venue is proper to all defendants." *FS Photo, Inc. v. PictureVision, Inc.*, 48 F. Supp. 2d 442, 446 (D. Del. 1999). Under 28 U.S.C. § 1391's venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The moving party has the burden of proving improper venue. *See Post Acute Med., LLC v. LeBlanc*, 826 F. App'x 163, 166 (3d Cir. 2020) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)). "When a plaintiff files a suit in an improper forum, 'district courts are required either to dismiss or transfer to a proper forum.'" *Genuine Enabling Tech., LLC v. Nintendo Co.*, 369 F. Supp. 3d 590, 593 (D. Del. 2019) (quoting *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007)).

## III. DISCUSSION

### A. Personal Jurisdiction

SANS does not argue that this Court has general jurisdiction over Defendants. Instead, SANS argues that the Court has specific jurisdiction over Defendants because the first three subsections of Delaware's long-arm statute are satisfied. Thus, SANS must be able to show that the statutory requirement of any of §§ 3104(c)(1)-(3) is satisfied, that a sufficient nexus exists between Defendants' contacts with the Delaware and Plaintiff's cause of action, and that the

6

exercise of jurisdiction comports with due process. I find that SANS fails to satisfy the requirements of Delaware's long-arm statute and/or cannot articulate a sufficient nexus, so I do not reach the due process inquiry.

Regarding §§ 3104(c)(1) and (c)(2), SANS argues that Defendants transact business or contract to supply services or things with "Delaware native companies, including American Express, VISA, Mastercard, Capital One, PayPal, Bank of America, Goldman Sachs," and TD Ameritrade, and that Treadstone was previously a Delaware entity. (D.I. 17 at 7–8). Under §§ 3104(c)(1) and (c)(2), Plaintiff argues that the required nexus between Defendants' conduct and the instant cause of action exists because "SANS has alleged Defendants' efforts to be aimed at diverting business, including Delaware-based business, from SANS." (*Id.*).

Unsurprisingly, Delaware courts have consistently held that forming a Delaware entity may constitute "the transaction of business within Delaware that is sufficient to establish specific personal jurisdiction under Section 3104(c)(1)." *Terramar Retail Centers, LLC v. Marion #2-Seaport Trust U/A/D/ June 21, 2002*, No. 12875, 2017 WL 3575712, at *5 (Del. Ch. Aug. 18, 2017). Certainly, Defendants have done that. But, because § 3104(c)(1) "confers specific, not general, jurisdiction, formation of a Delaware entity may only serve as the basis for personal jurisdiction where there is a sufficient nexus between that formation and the alleged wrongful conduct." *Id.* In determining whether there is a sufficient nexus between formation and the alleged wrongful conduct, "the principal factor that Delaware courts have examined is the extent of the factual relationship between the formation of the Delaware entity and the cause of action." *Id.* Here, SANS falls short. SANS does not allege that Treadstone was formed for the purpose of harassing or defaming SANS, nor does it attempt to tie Treadstone's formation to the conduct at

issue. Indeed, almost a decade of doing regular and ordinary business passed between formation and Defendants' first alleged wrongful act.

Corporate formation aside, I am doubtful that SANS has satisfied either of §§ 3104(c)(1) or (c)(2) on this record. Plaintiff does not contend that Defendants purposefully directed its activities at Delaware residents; rather, SANS argues that the fact that Defendants were engaged in business with Delaware-incorporated entities is enough, since some unspecified number of those entities have substantial operations in Delaware. Bardin counters that Defendants have not issued any invoices to or been paid by any entity from Delaware, that the services provided have not been provided to any entities located within Delaware, that no mail has been shipped to Delaware, and that Treadstone does not own, lease, or control any property in Delaware. (*See* D.I. 12 at 4-5). Where the "defendant contradicts the plaintiff's allegations through opposing affidavits ... a plaintiff must present particular evidence in support of personal jurisdiction." *Isaacs*, 2015 WL 1534362, at *3. SANS has not done that here. Moreover, because SANS does not allege that any of the conduct occurred within Delaware, SANS has not shown that the conduct meets the requirements for transacting business under (c)(1). *See e.g.*, *Brasure's Pest Control, Inc. v. Air Cleaning Equipment, Inc.*, No. 17-323, 2018 WL 337747, at *3 (D. Del. Jan. 9, 2018) ("Plaintiff does not allege, however, that any of these acts occurred within Delaware. Thus, Plaintiff has not shown that Defendants' conduct meets the requirements for transacting business under (c)(1).").

Even if I were to assume that, on this record, SANS could establish that Defendants provided or contracted to provide services to persons *in Delaware* such that §§ 3104(c)(1) or (c)(2) were satisfied, I am not convinced that SANS ties the alleged unlawful conduct to Defendants' contacts with the forum as is required for specific jurisdiction under those subsections. SANS alleges that the nexus is "unambiguous in that SANS has alleged Defendants' efforts to be aimed

at diverting business, including Delaware-based business, from SANS." (D.I. 17 at 8). Essentially, SANS argues that the requisite nexus for specific jurisdiction exists under these subsections because Treadstone conducted business with entities registered to do business in Delaware. It is not clear that SANS has actually offered evidence that Treadstone does business with customers located in Delaware, and, even if it had, SANS cites no authority for its conclusion that doing business is a sufficient nexus for claims under the Lanham Act or for unfair competition under state tort law. On this record, I am not persuaded that SANS has done enough to establish personal jurisdiction over Defendants in accordance with §§ 3104(c)(1) or (c)(2).

SANS also asserts that personal jurisdiction can be established under § 3104(c)(3). Here, SANS alleges that Treadstone was a Delaware LLC when the 2017 internet post was allegedly made, and that it caused injury to SANS, a Delaware entity. Under this subsection, Plaintiff argues the nexus is self-apparent, that is, Treadstone was a Delaware LLC when it allegedly initiated its "campaign of harassment against SANS," another Delaware entity. (D.I. 17 at 8–9). The argument SANS advances is more a conclusion that Treadstone's internet postings fall within this category, and that a nexus must exist because the conduct began when Treadstone was still a Delaware entity. SANS alleges, and Treadstone does not seriously dispute, that Treadstone's alleged internet postings were targeted toward SANS, a Delaware entity. But, under the third subsection, "the defendant, or an agent of the defendant, must be present in Delaware when the deed is done." *Intel Corp. v. Silicon Storage Tech. Inc.*, 20 F. Supp. 2d 690, 698 (D. Del. 1998). There is no evidence, let alone any allegation by SANS, that Defendants (either Treadstone or any agent of Treadstone) were in Delaware when any of the internet postings occurred, including the 2017 post.

9

Thus, it is my view that SANS has not yet done enough to make its case for personal jurisdiction over Defendants.[1] I agree with SANS, however, that its "claim is not clearly frivolous as to the basis for personal jurisdiction." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d. Cir. 2009). Accordingly, were this Court a proper venue for all Defendants, I would be inclined to permit limited jurisdictional discovery to allow SANS to bolster its case for personal jurisdiction. But, as set forth below, it is not.

### B. Venue

Defendants move the Court to dismiss the action for improper venue or, "if the Court declines to dismiss this action," they request that the action be transferred to the Middle District of Florida. SANS claims venue is proper as to both Defendants but argues in the alternative that, if transfer is warranted, the District of Maryland would be the more appropriate forum.

Defendants argue that venue is improper[2] in the District of Delaware pursuant to 28 U.S.C. § 1391(b) since neither Treadstone nor Bardin reside in Delaware. (*See* D.I. 12 at 2). Defendants maintain that Treadstone is not a resident of Delaware under § 1391(c)(2) because the court does not have personal jurisdiction over Treadstone, and Bardin is not a resident of Delaware under § 1391(c)(1) because Bardin's domicile is in Florida. (*See* D.I. 12 at 13). The entirety of Plaintiff's response on venue is four sentences:

---

[1] In their briefing, Plaintiff and Defendants treat Treadstone and Bardin as one, rather than conduct separate personal jurisdiction analyses for each Defendant. It is dubious that personal jurisdiction can be established for Bardin in this fashion, but because I determine that venue is improper it does not matter for purposes of this motion.

[2] Defendants also seek dismissal or transfer under the doctrine of *forum non conveniens*. Because I find that SANS fails to rebut Defendants' showing of improper venue over Bardin pursuant to 28 U.S.C. § 1391(b), I do not reach this argument.

> Defendants contend that venue in Delaware is improper because this Court lacks personal jurisdiction over Defendants. Not so, as shown above. Under 28 U.S.C. § 1391(c)(3) [sic], a civil action may be brought in any district "in which the defendant is subject to the court's personal jurisdiction with respect to such action." At a minimum, venue is thus proper in Delaware because this Court may exercise personal jurisdiction over Defendants.[3]

(D.I. 13 at 12). Assuming SANS could establish that Treadstone is properly subject to personal jurisdiction in Delaware, I agree that venue would be appropriate for Treadstone because a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Bardin, however, is a natural person, not a corporate entity. A natural person resides "in the judicial district in which that person is domiciled." *Id.* at § 1391(c)(1). The parties agree that Bardin is domiciled in Florida. Because SANS does not advance any further arguments in support of venue, I could end my analysis here. Nevertheless, to ensure a complete venue analysis, I proceed under § 1391(b).

When venue is challenged the Court must determine whether the case falls within one of the three categories set forth in § 1391(b). Venue is proper only if it does; if it does not, then venue is improper. Venue does not lie in this District. First, § 1391(b)(1) requires all defendants to reside in Delaware. Even if possibly true for Treadstone (under § 1391(c)(2)), Bardin does not reside in Delaware. Second, § 1391(b)(2) requires that a substantial part of the events or omissions giving rise to the action occurred in this District. "[T]he test for determining venue is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim[.]" *Post Acute Med., LLC*, 826 F. App'x at 165 (internal quotations omitted) (quoting

---

[3] Plaintiff's quoted language from 28 U.S.C. § 1391 does not directly match any provision of the statute. Whether Plaintiff meant to quote § 1391(b)(3) or § 1391(c)(2) does not matter, since neither confers venue over both Defendants.

11

*Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). SANS does not allege that Defendants' unlawful conduct took place in Delaware. Finally, § 1391(b)(3) only applies if there is no district in which an action may otherwise be brought pursuant to subsections (b)(1) or (2). SANS's action could have been brought at least in Florida (under § 1391(b)(1)), so this section does not apply.

Because § 1391(b) does not provide a basis for venue over all Defendants in this District, I may exercise my discretion to *sua sponte* dismiss or, "in the interest of justice," transfer this action under 28 U.S.C. § 1406(a). "Dismissal is considered to be a harsh remedy ... and transfer of venue to another district court in which the action could originally have been brought[] is the preferred remedy." *Genuine Enabling Tech., LLC*, 369 F. Supp. 3d at 593 (quoting *Spiniello Cos. v. Moynier*, No. 13-5145, 2014 WL 7205349, at *5 (D.N.J. Dec. 17, 2014)).

Here, a transfer of venue is appropriate. Both Defendants reside in the Middle District of Florida, making it a viable alternative venue under § 1391(b)(1). (*See* D.I. 12 at 13). In doing so, I acknowledge that SANS argued, in the alternative, for transfer to the United States District Court for the District of Maryland. While I am mindful of giving deference to a plaintiff's choice of forum, SANS has not demonstrated that the District of Maryland would be a proper venue for Bardin. SANS points to some trainings provided by Defendants in Maryland. (*See* D.I. 17 at 14). While those trainings could conceivably have some effect on establishing venue over Treadstone in Maryland, those facts do not cure the issue of Bardin's domicile nor do they appear to amount to a substantial portion of the events giving rise to Plaintiff's claims.

Therefore, pursuant to 28 U.S.C. § 1406(a), the Court orders that this action be transferred to the United States District Court for the Middle District of Florida.

12

## IV. CONCLUSION

For the foregoing reasons, I recommend that the District Court DENY Defendants' motion to dismiss the Complaint as MOOT in light of the transfer order.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the Court's website.

Further, Defendants' Motion to Transfer the action to the United States District Court for the Middle District of Florida is GRANTED.

_____
The Honorable Laura D. Hatcher
UNITED STATES MAGISTRATE JUDGE

Dated: July 27, 2023