UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE ESCAL INSTITUTE OF
ADVANCED TECHNOLOGIES,
INC.,

    Plaintiff,

v.                                    Case No.: 2:23-cv-630-SPC-KCD

TREADSTONE 71, LLC and
JEFFREY BARDIN,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff The Escal Institute of Advanced Technologies, Inc. d/b/a SANS Institute's Motion to Dismiss (Doc. 89). SANS commenced this action by suing Defendants Treadstone 71, LLC and Jeffrey Bardin for a declaration of no copyright infringement and relief for other business torts. SANS has since amended its complaint twice to add counts for copyright infringement. Treadstone 71 countersued for copyright infringement and six other state contract and tort claims. SANS argues the state claims are preempted by federal copyright law and should be dismissed.

SANS and Treadstone 71 are competitors in the field of cybersecurity. Both provide training and other services to cybersecurity professionals, and both claim copyrights in certain course materials. The defendants have

publicly accused SANS and two of its teachers—Robert M. Lee and Nico Dekens—of infringing some of Treadstone 71's copyrights by using them to develop and teach courses in cybersecurity. Most of SANS' causes of action arise from those accusations.

Treadstone 71's Counterclaim begins with common factual allegations. The Court recounts those allegations as pled in Treadstone 71's Counterclaim, which it must take as true at this stage of the case. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). In 2010, Treadstone 71 contracted with Utica College to provide three courses on cyber crime and cyber intelligence. Lee and Dekens attended Treadstone 71 courses. As a condition to taking the courses, Lee and Dekens agreed to Treadstone 71's End User Licensing Agreement (EULA), which included the following terms:

> To qualify for a Non-Commercial Version License, You must:
>
> (1)   use the Course for non-commercial purposes as defined herein. The term "Non-Commercial Version License" is limited to using the concepts, methods, processes, procedures, and plans for internal organizational use. Entities are not allowed to teach this course or semblance of this course without express permission from Treadstone 71 LLC. Organizations are not allowed to deliver commercial services based upon this course that complete directly or indirectly with Treadstone 71 LLC.
>
> If You do not qualify for a Non-Commercial Version License, then you should discontinue the COURSE.
>
> …
>
> You may not:

> (i) use the COURSE, except under the terms listed above.
> (ii) create derivative works based on the COURSE (e.g., incorporating the COURSE in a commercial product or service without a proper license).
> (iii) copy the COURSE.
> (iv) rent, lease, sublicense, convey, distribute or otherwise transfer rights to the COURSE.
> (v) remove any product identification, copyright, proprietary notices or labels from the COURSE; or
> (vii) use any T71 trademarks in any manner other than their presence within Your copy of the COURSE without written permission of T71.

(Doc. 86 at 29-30).  Treadstone 71 believes that Lee and Dekens incorporated parts of its materials into courses they wrote for SANS, and that SANS knew they did so in violation of the EULA.  Based on those allegations, Treadstone asserts claims for copyright infringement (Count 1), tortious interference with a contract (Counts 2 and 3), aiding and abetting breach of the EULA (Count 4), unjust enrichment (Count 5), state deceptive and unfair trade practices (Count 6), and unfair competition (Count 7).

SANS argues Counts 2-7 of the Counterclaim should be dismissed because they are preempted by federal copyright law.  Section 301 of the Copyright Act preempts

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103[.]

17 U.S.C. § 301(a). So preemption "occurs if the rights at issue (1) fall within the 'subject matter of copyright' set forth in sections 102 and 103 and (2) are 'equivalent to' the exclusive rights of section 106." *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1325 (11th Cir. 2010) (cleaned up).

Section 102(a) defines the subject matter of copyright as "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Section 102(b) provides that copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

The Eleventh Circuit has held "that the subject matter of copyright, in terms of preemption, includes only those elements that are substantively qualified for copyright protection." *Dunlap v. G&L Grp., Inc.*, 381 F.3d 1285, 1295 (11th Cir. 2004). So state claims meant to protect the categories listed in Section 102(b) are not preempted. *Id.* On the other hand, works that are substantively eligible for copyright protection fall within the subject matter of copyright even if they do not ultimately receive protection. *Id.* at 1297. Thus, the course materials at issue—which Treadstone 71 successfully registered

4

with the Copyright Office—are within the subject matter of copyright, even if SANS disputes their eligibility for copyright protection.

Because the first requirement of copyright preemption is satisfied, the second is determinative. Courts in the Eleventh Circuit use an "extra element" test to determine whether a right is equivalent to the exclusive rights of section 106. A state-created right does not lie within the general scope of copyright if an extra element is required to state a cause of action instead of or in addition to the acts of reproduction, performance, distribution, or display. *Id.* at 1326.

**A. Tortious Interference with Contract (Counts 2 and 3)**

As a preliminary matter, the parties dispute which state's law applies to Counts 2 and 3. SANS argues Delaware law applies because the EULA includes this choice-of-law provision: "This Agreement is governed by the laws of the State of Delaware without regard to conflict of laws rules and principles." (Doc. 89-1). As the Eleventh Circuit explained when considering similar language, the effect of the clause is narrow in that only the scope and effect of the EULA itself is to be construed in accordance with Delaware laws. *See Green Leaf Nursery v. E.I. Dupont De Nemours and Co.*, 341 F.3d 1292 (2003). The release does not cover related tort claims. *See id.* Delaware law applies when considering the scope and effect of the release, and Florida law applies to Treadstone 71's tort claims.

The elements of tortious interference with a contract under Florida law are "(i) the existence of a contract; (ii) the defendant's knowledge thereof; (iii) the defendant's intentional and unjustified procurement of a breach thereof; and (iv) damages." *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197, 1215 (11th Cir. 2018). The Eleventh Circuit has found that tortious interference claims are not preempted by copyright law if they require proof of the violation of a contract. *Telecom Tech. Servs. Inc. v. Rolm Co.*, 388 F.3d 820, 833 (11th Cir. 2004). That holding is in line with other circuits. *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1324-25 (Fed. Cir. 2003) (collecting cases). Because Treadstone 71 must prove, among other things, the existence and breach of a contract to succeed on Counts 2 and 3, they are not preempted by copyright law.

### B. Aiding and Abetting Breach of the EULA (Count 4)

To plead a claim of aiding and abetting tortious conduct under Florida law, "a plaintiff must allege: (1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012). SANS argues the alleged wrongdoing underlying this count is SANS copying, distributing and creating derivative works of Treadstone 71's course materials. But that is not

what the count alleges. Treadstone 71 claims SANS "provided substantial assistance to Lee and Dekens to breach the EULA." (Doc. 86 at 36). As with the prior two counts, Count 4 requires Treadstone 71 to prove the existence and breach of a contract, so it satisfies the extra element test.[1]

### C. Unjust Enrichment (Count 5)

In Count 5, Treadstone 71 alleges, "SANS have wrongfully accepted and retained, and continue to wrongfully accept and retain, the benefits of property misappropriated from Treadstone 71." (Doc. 86 at 37). Treadstone 71's course materials are the only allegedly misappropriate property here. The factual basis of Count 5 is not qualitatively different than Treadstone 71's copyright infringement claim, so it is preempted. *See Ross v. Apple, Inc.*, No. 16-61471-CIV-WILLIAMS, 2016 WL 8808769, at *5 (S.D. Fla. Dec. 30, 2016) ("The Copyright Act preempts Ross's unjust enrichment claim, Count 2, because it is identical to his copyright infringement claim.").

Treadstone 71 argues it should be allowed to maintain its unjust enrichment claim as an alternative in the event it cannot prove copyright infringement. But if SANS successfully defends against the copyright

---

[1] Florida law recognizes the tort of aiding and abetting a tort, but it is not clear whether a breach of contract can replace tortious conduct as the wrongdoing. The parties have not identified any Florida case recognizing a cause of action for aiding and abetting breach of contract, and the Court has found none. But because SANS does not raise the issue, the Court will not dismiss Count 4 on that basis. The parties can revisit the issue on summary judgment or at trial.

infringement claim, awarding Treadstone 71 damages for misappropriation of its protected works would conflict with federal copyright law. The Court will dismiss Count 5.

### D. FDUTPA (Count 6)

The Florida Deceptive and Unfair Trade Practices Act (FDUTPA) prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). "To assert a claim under FDUTPA, a plaintiff must allege (1) a deceptive or unfair act in the conduct of trade or commerce; (2) causation; and (3) actual damages." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860 (11th Cir. 2023). Treadstone 71's Count 6 does not specify what acts of SANS violated the FDUTPA. Rather, it alleges "SANS' knowing acts and practices as detailed above constitute acts of unlawful, unfair or deceptive business acts and practices." (Doc. 86 at 38). Those alleged acts are copying and distributing Treadstone 71's course materials and creating derivative works of them—violations of the exclusive rights of section 106.

Treadstone 71 argues the extra element is satisfied because SANS creates consumer confusion by using Treadstone 71's materials in SANS' courses. But that is not part of the factual basis of Count 6. Treadstone 71's Counterclaim does not allege any facts suggesting consumer confusion. Count

6 thus is not qualitatively different from the copyright infringement claim, and it is preempted. The Court will dismiss Count 6.

### E. Unfair Competition (Count 7)

In its final count, Treadstone 71 alleges SANS is competing unfairly by appropriating Treadstone 71's property—the course materials—and infringing its copyrights. "Unfair competition under Florida common law requires deceptive or fraudulent conduct of a competitor and likelihood of consumer confusion." *Webster v. Dean Guitars*, 955 F.3d 1270, 1277 (11th Cir. 2020). Treadstone 71 does not allege consumer confusion in its Counterclaim, so it does not state a claim for unfair competition. What is more, Count 7 is not qualitatively different than Treadstone 71's copyright infringement claim, so it is preempted. *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1494 (11th Cir. 1990) ("A claim for unfair competition based upon allegations of copying, and in the absence of proof of any element of unfair competition other than copying, is clearly pre-empted by the Act."). The Court will dismiss Count 7.

### F. Leave to Amend

Finally, Treadstone 71 asks the Court for leave to amend if SANS' motion is granted. The Court denies the request for two reasons. First, Treadstone 71 has had ample opportunity to address the issues raised in SANS' motion to dismiss by alleging different or additional facts. Treadstone 71 first filed its

seven counterclaims in response to SANS' First Amended Complaint. (*See* Doc. 76). SANS moved to dismiss those claims and raised the same arguments addressed in the motion now before the Court. (*See* Doc. 77). SANS then filed a Second Amended Complaint with Treadstone's consent. Treadstone 71 elected to refile its counterclaims without making changes to address SANS' arguments for dismissal. And when SANS conferred with Treadstone 71 before moving to dismiss, Treadstone 71 elected to contest the motion rather than seek leave to amend. Second, Treadstone 71 does not address how an amendment would cure any pleading defects in its counterclaims. *See U.S. ex. rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) ("a plaintiff should not be allowed to amend his complaint without showing how the complaint could be amended to save the meritless claim" (cleaned up)).

Accordingly, it is now

**ORDERED:**

Plaintiff The Escal Institute of Advanced Technologies, Inc. d/b/a SANS Institute's Motion to Dismiss (Doc. 89) is **GRANTED in part and DENIED in part**. Counts 5, 6 and 7 of Treadstone 71's Counterclaim are **DISMISSED without prejudice**. SANS must answer the Counterclaim on or before **September 25, 2024**.

**DONE** and **ORDERED** in Fort Myers, Florida this on September 11, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record